UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN M.D. SCHNELL,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-cv-1941-KJN<br><br><br><br>ORDER |

Plaintiff Jonathan Schnell seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 16, 19.) No optional reply brief was filed. For the reasons discussed below, the court AFFIRMS the Commissioner's final decision by granting the Commissioner's motion for summary judgment.

The court reviews the Commissioner's decision to determine whether (1) it is based on

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 10, 11.)

1

proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, the ALJ found that plaintiff suffered from severe impairments such as residuals of a traumatic brain injury, residuals of a left ankle fracture, and depression, and assessed plaintiff with the following residual functional capacity ("RFC"):

> I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can walk and/or stand for four hours in an eight hour workday, and requires the use of a cane for long distances and uneven terrain. He is precluded from climbing ladders, ropes or scaffolding, but can perform occasional postural activities, and must avoid concentrated exposure to cold, heat, noise, irritants, and hazards. He is limited to simple routine repetitive tasks but will be off task five percent of the workday. He is capable of occasional interaction with the public and coworkers, and requires low stress work as defined in occasional changes in the work setting, no transactional/monetary work, and no assembly line work (fast paced).

(AT 667.) Plaintiff's sole contention on appeal is that the ALJ improperly discounted plaintiff's testimony concerning his symptoms and functional limitations.

In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit Court of Appeals summarized the ALJ's task with respect to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the

2

> symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking...." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "'[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains.'" Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id. at 959.

Here, the ALJ provided several specific, clear, and convincing reasons for discounting plaintiff's testimony regarding a disabling degree of symptoms and functional limitations.

First, after performing a thorough discussion of the medical and mental health records, the ALJ reasonably concluded that plaintiff's allegations of functional limitations beyond the RFC were inconsistent with the overwhelming weight of the medical and mental health opinion evidence. (AT 668-71.)[2] Nevertheless, the ALJ gave plaintiff the benefit of the doubt and

---

[2] On appeal, plaintiff does not challenge the ALJ's assessment of the medical and mental health opinion evidence through any substantive briefing or argument. Thus, any such issue is waived.

3

actually assessed more restrictive limitations than most of the medical sources in the record.

Second, the ALJ legitimately referenced plaintiff's limited treatment during the relevant period, noting that there were no medical records to support mental health treatment after 2013 and no history of treatment for any severe physical impairment after plaintiff's alleged onset date. (AT 669.) Failure to seek consistent treatment is a proper consideration when evaluating credibility. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). "We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment...Moreover, a claimant's failure to assert a good reason for not seeking treatment, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony." Molina, 674 F.3d at 1113-14 (citation and quotation marks omitted).

Third, the ALJ properly found that plaintiff's daily activities were inconsistent with his allegations of disability. (AT 666-68, 671.) "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting...Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1112-13 (citations and quotation marks omitted); see also Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (ALJ properly considered claimant's ability to care for her own needs, cook, clean, shop, interact with her nephew and boyfriend, and manage her finances and those of her nephew in the credibility analysis); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ's determination regarding claimant's ability to "fix meals, do laundry, work in the yard, and occasionally care for his friend's child" was a specific finding sufficient to discredit the claimant's credibility). Here, plaintiff acknowledged that he could drive a car, cook, do dishes and laundry, go grocery shopping, do yard work and gardening, help and go out to eat with his grandmother, and maintain

---

See Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

4

a romantic relationship with his girlfriend, and he enjoyed karaoke, going to the movies and coffee shops, fishing, camping, yoga, and bocce ball. (AT 60-63, 290-92, 340-41, 688-90, 700-01.) As the ALJ also found, plaintiff engaged in substantial gainful activity since January 2016 when he started working for U-Haul about 21 hours per week. (AT 664-65.)

To be sure, the record also contains some contrary evidence, suggesting that plaintiff's activities are more limited. However, it is the function of the ALJ to resolve any ambiguities, and the court finds the ALJ's assessment to be reasonable and supported by substantial evidence. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (affirming ALJ's credibility determination even where the claimant's testimony was somewhat equivocal about how regularly she was able to keep up with all of the activities and noting that the ALJ's interpretation "may not be the only reasonable one"). As the Ninth Circuit explained:

> It may well be that a different judge, evaluating the same evidence, would have found [the claimant's] allegations of disabling pain credible. But, as we reiterate in nearly every case where we are called upon to review a denial of benefits, we are not triers of fact. Credibility determinations are the province of the ALJ...Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.

Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

Fourth, the ALJ permissibly relied on plaintiff's demeanor at the hearing, observing that:

> Although he reported that his "cognitive skills were diminishing," he testified adequately. For example, he was articulate and quickly responded to questions, gave examples without any delay, and did not appear to have any delays or problems interacting with others at the hearing. He was able to recall his hours of work, pay, and tasks, and recounted his prior work duties and hours without difficulty.

(AT 668.) Even though the ALJ's observations of the claimant at the hearing may not form the sole basis for discrediting the claimant's testimony, such observations may be used in the overall credibility evaluation. Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).

In sum, the court concludes that the ALJ's credibility evaluation was supported by the record and by the proper analysis.

5

Consequently, the ALJ's decision was free from prejudicial error and supported by substantial evidence in the record as a whole.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED.
4. The Clerk of Court shall close this case.

Dated: November 13, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE